Filed 2/23/21  Beriones v. IMH Assets Corp. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BABETTE BERIONES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>IMH ASSETS CORP. et al.,<br><br>    Defendants and Respondents. | D076507<br><br><br>(Super. Ct. No. 37-2018-00063881-CU-OR-NC)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on February 4, 2021, be modified as follows:

On page 26, the disposition paragraph beginning, "The judgment is affirmed," is deleted and the following paragraph is inserted in its place:

> The judgment is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

There is no change in the judgment.

Appellant's petition for rehearing is denied.

HUFFMAN, Acting P. J.

Copies to:  All parties

Filed 2/4/21  Beriones v. IMH Assets Corp. CA4/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| BABETTE BERIONES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>IMH ASSETS CORP. et al.,<br><br>    Defendants and Respondents. | D076507<br><br><br><br>(Super. Ct. No. 37-2018-00063881-CU-OR-NC) |


APPEAL from a judgment of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Affirmed.

Babette T. Beriones, in pro. per., for Plaintiff and Appellant.

Schiffer & Buus, Eric M. Schiffer, and Libby Wong for Defendants and Respondents IMH Assets Corp. and IMPAC Funding Corp.

Severson & Werson, Jan T. Chilton, Kerry W. Franich, and Robert James Gandy for Defendants and Respondents Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Deutsche Bank National Trust Co.

Burke, Williams & Sorenson, Richard J. Reynolds, and Fabio R. Cabezas for Defendant and Respondent MTC Financial Inc., d/b/a Trustee Corps.

Hilbert & Satterly, John Forest Hilbert, and Joseph A. LeVota for Defendants and Respondents Anthony Peter Vasilas a.k.a. Raymond Joseph Vasilas and Jessie Menzel.

Loftin|Bedell, Linda Sue Loftin, and Patrick R. Tira for Defendant and Respondent James Lowell Anthony, LLC.

After losing her home in foreclosure, Babette Beriones sued Bank of America, N.A. (Bank of America), Mortgage Electronic Registration Systems, Inc. (MERS), Deutsche Bank National Trust Co. (Deutsche Bank), IMH Assets Corp. (IMH), IMPAC Funding Corporation (IMPAC), Peter Vasilas and Jessie Menzel, MTC Financial Inc. doing business as Trustee Corps (Trustee Corps), James Lowell Anthony, LLC (JLA) (collectively, Respondents) and others asserting causes of action for wrongful foreclosure, fraud, intentional or negligent infliction of emotional distress, slander of title and quiet title. Beriones claimed the parties that originated her mortgage did not comply with the Truth in Lending Act (TILA) (U.S.C. § 1601 et seq.) and the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §§ 2601-2617), and she further claimed the foreclosing entities could not establish they properly foreclosed on her home.

Her action was removed to federal court, where the district court dismissed the federal law claims as time-barred. The district court remanded the remaining claims to state court.

Respondents filed demurrers. Beriones opposed one demurrer on the merits and filed papers contending all demurrers were untimely. At a hearing, the trial court rejected Beriones's contention that the demurrers

2

were untimely, and refused to grant Beriones additional time to respond. The trial court ultimately concluded Beriones's complaint did not state any valid cause of action and sustained Respondents' demurrers without leave to amend. Judgments were entered in Respondents' favor.

On appeal, Beriones contends the trial court improperly sustained the demurrers, which she claims were "time-barred," and further contends the trial court erred when it declined to allow her additional time to respond to the demurrers on the merits. We conclude the demurrers were timely filed under Code of Civil Procedure section 430.90,[1] the trial court properly sustained the demurrers, and Beriones has not established any grounds for reversing the court's rulings. Accordingly, we affirm the judgment.

FACTS

A. *Background*

In 2004, Babette Beriones obtained a mortgage of $452,000.00 on her home in Carlsbad, secured by a deed of trust which was signed by Beriones and recorded with the San Diego County Recorder's Office. The deed of trust identified the trustee as Diversified Title Insurance Company and provided that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." It further provided that "MERS (as nominee for Lender and Lender's successors and assigns) has the right . . . to foreclose and sell the Property; and to take any action required of Lender . . . ."

In 2012, MERS assigned the deed of trust to Deutsche Bank as "indenture trustee under the indenture relating to IMH Assets Corp.,

---

[1]    Unless otherwise indicated, statutory references are to the Code of Civil Procedure.

3

collateralized asset-backed bonds, Series 2004-4." The assignment was recorded with the San Diego County Recorder's Office.

In April 2014, Deutsche Bank substituted a new trustee, Trustee Corps, and recorded notice thereof. Trustee Corps then recorded a notice of default and election to sell.

In August 2014, a notice of trustee's sale was recorded, indicating a foreclosure sale of the property would take place on September 10. Apparently, that foreclosure sale did not occur. A new notice of trustee's sale recorded in November 2014 advised a foreclosure sale would occur on December 16. At that sale, the property was sold to Deutsche Bank as the highest bidder for $753,267.51. A trustee's deed upon sale reflecting that sale was recorded on December 19, 2014.

In May 2015, a grant deed was recorded reflecting that Deutsche Bank sold the property "for a valuable consideration" to JLA.

In May 2016, another grant deed was recorded reflecting that JLA sold the property "for a valuable consideration" to Vasilas and Menzel.

B. *Prior Unlawful Detainer Proceedings and Related Lawsuit*

In September 2015, JLA obtained a judgment of unlawful detainer against Beriones and another individual (a resident in the home who is not involved in this appeal) (*James Lowell Anthony LLC v. Beriones* (Super. Ct. San Diego County, 2015, No. 37-2015-00026337-CL-UD-NC)). Around that same time, Beriones sued JLA and certain individuals (not involved in this appeal), asserting causes of action including wrongful eviction and abuse of legal process (*Beriones v. James Lowell Anthony LLC* (Super. Ct. San Diego County, 2015, No. 37-2015-00029334-CU-OR-NC)). Beriones's civil suit was dismissed in 2015.

4

In July 2016, Beriones obtained a reversal of the unlawful detainer judgment on appeal to the appellate division of the superior court (*Beriones v. James Lowell Anthony LLC* (Super. Ct. San Diego County, 2016, No. 37-2015-00200178-CL-UD-CTL)).  The appellate division ruled that JLA's evidence was insufficient to support an unlawful detainer judgment for possession because the only evidence presented was a trustee's deed upon sale, with no evidence the trustee was authorized to conduct the sale.  The court further ruled that JLA—a limited liability company—could not rely on allegations in its verified complaint as evidence because the verification was made by an agent of the business.  (§ 446, subd. (a) [when a verification is made by an officer of a corporation "the pleadings shall not . . . be considered as an affidavit or declaration establishing the facts therein alleged"].)

In subsequent proceedings in the unlawful detainer proceeding, the trial court refused to restore title in the property to Beriones, finding "[t]here was insufficient evidence presented at the hearing showing [Beriones] possess[es] valid title to, or a valid ownership interest in the subject property."  The court further found "[t]here was no evidence presented showing Deutsche Bank's foreclosure on the property for nonpayment of mortgage payments . . . was improper."  The court awarded Beriones restitution of $6,600.00 (three months of the property's fair market rental value).  Despite Beriones's attempts to attack this order, it was upheld on appeal to the appellate division of the superior court.

In 2019, Beriones moved to set aside the judgment of dismissal in her wrongful eviction case; it appears her motion in that case was still pending when the trial court ruled on Respondents' demurrers in the instant case.

5

C. *Current Lawsuit*

   1. *Complaint*

In December 2018, Beriones initiated this action, challenging her original mortgage loan and the 2014 foreclosure.[2] She named the following entities as defendants, alleging they participated in an "imperfect securitization" scheme in various ways:  IMH, as loan "[o]riginator";[3] IMPAC, as "[m]aster [s]ervicer for [the] [s]ecuritized [t]rust"; Bank of America, as a subsequent loan servicer; MERS, as nominee and beneficiary under the deed of trust; Deutsche Bank, as subsequent beneficiary and foreclosing bank; Trustee Corps, as subsequent trustee; JLA, as first third-party purchaser; and Vasilas and Menzel, as second third-party purchasers.

In her complaint, Beriones acknowledged obtaining a $452,000.00 mortgage loan against her residence in 2004, secured by a deed of trust.

---

[2]    Beriones included a file-stamped copy of her first amended complaint as an "exhibit" to her reply brief on appeal.  Pursuant to our order filed October 30, 2019 partially granting Beriones's request to augment the record, we deem the first amended complaint to be part of the record on appeal. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 (*Vons*).)  Alternatively, we take judicial notice of the first amended complaint. (*Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, 719, fn. 4 [" 'Matters that cannot be brought before the appellate court through the record on appeal . . . may still be considered on appeal by judicial notice.' "].)

[3]    In her opening brief on appeal, Beriones describes IMH and IMPAC as the original loan servicers.  The deed of trust identified Decision One Mortgage Company, LLC as the original lender, Diversified Title Insurance Company as the trustee, and MERS as the beneficiary.  Decision One Mortgage Company and Diversified Title Insurance Company were not named as defendants in Beriones's complaint.  Recorded documents indicate that, in 2012, MERS assigned the deed of trust to Deutsche Bank as "indenture trustee under the indenture relating to IMH Assets Corp., collateralized asset-backed bonds, Series 2004-4."

Beriones alleged her loan was securitized under a Pooling and Servicing Agreement (PSA) and transferred into the Series 2004-4 Trust, a common law trust organized under New York law, of which Deutsche Bank was trustee.  She alleged the PSA requires "a complete and unbroken chain of transfers/assignments" and that Respondents "cannot prove a complete and unbroken chain of assignments."  She claimed that the PSA required the "[n]ote or [d]eed of [t]rust . . . to be endorsed and assigned, or transferred to the Trust," and further claimed her promissory note was not properly transferred to Deutsche Bank and Wilmington Trust, who acted as trustees.[4]  She also alleged that MERS, as nominee for the original lender, lacked authority "to assign [Beriones's] mortgage, making any assignment from MERS defective."  She claimed the foreclosure sale was thus invalid, made in violation of California law, and contrary to the PSA's express terms.

Beriones asserted ten causes of action, without delineating which causes were directed at which defendants:  (1) "[l]ack of [s]tanding/[w]rongful [f]oreclosure," (2) fraud in the concealment, (3) fraud in the inducement, (4) intentional infliction of emotional distress, (5) slander of title, (6) quiet title, (7) declaratory relief, (8) violations of the TILA and the Home Ownership and Equity Protection Act (15 U.S.C. § 1601, et seq.), (9) violations of RESPA, and (10) rescission.  Through her lawsuit, she sought a declaration that she was entitled to title and exclusive possession of the property, as well as money damages.

2. *Removal*

In February 2019, Beriones's complaint was removed to the United States District Court for the Southern District of California (*Beriones v. IMH*

---

[4]     Beriones named Wilmington Trust as a defendant in her complaint; Wilmington Trust is not a party to this appeal.

7

*Asset Corp.* (S.D.Cal., No. 19-cv-00301-CAB-NLS)).  In an order filed on April 16, 2019, the district court ruled the TILA and RESPA claims were time-barred.  The district court dismissed with prejudice the federal law claims, declined to exercise supplemental jurisdiction over the remaining state law claims, and remanded the case back to state court.

Respondents filed a notice of order remanding the case to state court on May 22, 2019.

### 3. *Demurrers*

Between May 29 and June 20, Respondents filed demurrers, arguing Beriones's complaint failed to state a viable cause of action, there was no reasonable possibility she could cure the complaint's defects through amendment, and leave to amend was unwarranted.[5]  Respondents also filed requests for judicial notice of the recorded deed and documents reflecting Beriones's residential mortgage and the nonjudicial foreclosure of her home. (Evid. Code, §§ 452, 453; see *Poseidon Development, Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106, 1117-1118 [taking judicial notice of recorded documents].)

Beriones filed an "[o]pposition to [n]oticed [m]otion and [s]upporting [d]eclarations" as well as a request for judicial notice of her own on June 28. These documents do not appear in the record.[6]  According to Bank of

---

[5]     Bank of America, MERS, and Deutsche Bank National Trust Co. filed a demurrer on May 29, 2019.  IMH and IMPAC filed a demurrer on June 5. Trustee Corps filed a demurrer on June 6.  Vasilas and Menzel filed a demurrer on June 20.  JLA filed a demurrer on June 21.  The demurrers and supporting papers filed by (1) Trustee Corps and (2) Bank of America, MERS, and Deutsche Bank do not appear in the record.  The filing of these documents is reflected in the register of actions.

[6]     The filing of these documents is reflected in the register of actions.

America, MERS, and Deutsche Bank, Beriones's opposition was directed at their demurrer. Beriones neglected to respond to the other demurrers on the merits; rather, she filed a "Motion to Extend Time to Reply to Demurrers," and a "Notice of Motion and Motion for Order to Strike Entire Pleading." Although these documents do not appear in the record, Beriones claims that, in them, she argued that "all the Respondents' demurrers were filed many days past 30 days from the date of order of remand to the State Court, and thus were time-barred by the statue [*sic*] of limitations." She requested the demurrers to be stricken from the record, or, in the alternative, additional time to respond to them.

In their reply papers, Respondents contended their demurrers were timely filed, but even if they were not, the court had discretion to consider a late-filed demurrer. (§ 473, subd. (a)(1) ["The court may, in furtherance of justice, and on any terms as may be proper . . . enlarge the time for answer or demurrer."].) Respondents also argued that Beriones's motions were procedurally defective, made without adequate notice, and failed to explain good cause for an extension of time to respond to the demurrers.

### 4. *Hearing*

The parties appeared for a hearing on Respondents' demurrers on July 19.[7] Beriones argued the trial court should not grant the demurrers because they were filed late. Respondents responded that the demurrers were timely filed under section 430.90, which provides that the 30-day period to respond to a complaint starts when the superior court "receives the case on remand." Counsel for Respondents Bank of America, MERS, and Deutsche Bank told the court that, when he initially attempted to file a demurrer to

---

[7] Beriones elected to proceed on appeal with a settled statement of the hearing proceedings.

9

the operative complaint, he was unable to do so because the superior court clerk was not accepting documents "due to the case appearing in the electronic system as having been removed to federal court." Counsel stated this prompted him to file a notice of the order remanding the case to state court. In response to the trial court's query as to why she did not answer the demurrers, Beriones responded that "[t]hey were late" and requested an additional 15 days to answer them. The court denied Beriones's request for additional time.

### 5. *Order*

On July 23, the trial court issued an order sustaining Respondents' demurrers without leave to amend.[8]

With respect to Beriones's motions, the trial court found they were procedurally defective for two reasons. First, they were filed without obtaining a hearing date from the calendar clerk. (Super. Ct. San Diego County, Local Rules, rule 2.1.19(a) ["Any party . . . who desires to have any demurrer, motion, or order to show cause set for hearing must contact the calendar clerk for the judge assigned to the case to reserve a hearing date. Failure to reserve a date for hearing will result in the demurrer, motion, or order to show cause hearing not being heard."].) Second, even if hearing dates had been obtained from the calendar clerk (to allow the motions to be heard on the same date as the pending demurrers), the papers were not filed at least 16 days before the hearing date, as required by statute.[9] (Code Civ.

---

[8]     The order also granted various requests for judicial notice, including many of the requests submitted by Beriones.

[9]     Beriones's motions were filed on July 8, 2019, only 11 days before the July 19, 2019 hearing date.

Proc., § 1005, subd. (b).) The trial court ordered Beriones's motions stricken from the record.

With respect to Beriones's wrongful foreclosure cause of action, the trial court observed that Beriones's allegations challenged a securitization process that may have been voidable under New York law, but not one that is void, and ruled that Beriones consequently lacks standing to challenge the assignment. (See *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 929, 935 (*Yvanova*) [a borrower may base a wrongful foreclosure claim on allegations that the foreclosing party acted without authority because the assignment by which it purportedly became beneficiary under the deed of trust *was not merely voidable but void*]; *Hacker v. Homeward Residential, Inc.* (2018) 26 Cal.App.5th 270, 280 (*Hacker*) ["A number of cases have held that assignments which 'allegedly breach[ ] a term or terms of a PSA' are voidable rather than void because 'the beneficiaries, not the borrower, have the right to ratify the trustee's unauthorized acts.' "].) With respect to Beriones's challenges to MERS's authority to act as nominee, the trial court found the claims lacked legal merit. (See *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 813-815 (*Saterbak*) [borrower lacks standing to challenge alleged defects in MERS's assignment of the deed of trust to bank as trustee]; *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1156-1157 (*Gomes*) [rejecting legal challenge to MERS's authority to initiate a foreclosure].) The trial court found that judicially noticeable documents established the foreclosure was lawful and valid, Beriones failed to plead fraud allegations with the required specificity, and the remaining claims were premised on Beriones's flawed theory that Respondents lacked the legal right to foreclose.

11

Beriones appealed.[10]

## DISCUSSION

### I.

### *Inadequate Record on Appeal*

Beriones elected to proceed on appeal with a clerk's transcript and designated certain documents to appear in the record.[11] (Cal. Rules of Court, rule 8.122.) Before the record was filed, Beriones requested to amend her record designation and to augment the record with additional documents. In an order filed October 30, 2019, we partially granted Beriones's request to augment the record on appeal with documents filed or lodged in the superior

[10] Beriones appealed from the trial court's order sustaining Respondents' demurrers. That order is not appealable. (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577-1578.) We exercised our discretion to construe the appeal as being taken from the appealable judgments subsequently entered by the trial court in favor of Respondents: (1) July 29, 2019, in favor of Bank of America, MERS, and Deutsche Bank; (2) August 2, in favor of IMH and IMPAC; (3) August 5, in favor of Vasilas and Menzel; (4) August 7, in favor of Trustee Corps; and (5) August 29, in favor of JLA. (§§ 904.1, subd. (a)(1), 581d; *Los Altos Golf & Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 202; *Brown v. County of Los Angeles* (2014) 229 Cal.App.4th 320, 322, fn. 1; *Groves v. Peterson* (2002) 100 Cal.App.4th 659, 666, fn. 2; *Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1353, fn. 5.) Not all of the judgments appear in the record.

[11] Beriones initially designated the following documents to appear in the clerk's transcript: notice of appeal filed August 9, 2019, notice designating record on appeal, filed August 19, 2019, a notice of entry of judgment, purportedly dated July 19, 2019, "ROA number #35," purportedly dated May 22, 2019, and "[d]ecision from [h]earing on [m]otion to [s]et [a]side [d]efendant's [s]ustained [d]emurrer," purportedly dated July 12, 2019. Beriones also requested that the clerk include certain documents she categorized as "exhibits," including the first amended complaint, the decision and statement of reasons, and various other documents, without specifying filing dates.

12

court.  (*Vons*, *supra*, 14 Cal.4th at p. 444, fn. 3 [appellate court generally " 'consider[s] only matters which were part of the record at the time the judgment was entered' "].)  After the record was filed, Beriones submitted to this court a file-stamped copy of the first amended complaint.[12]  However, she did not request to further augment the record to include any additional documents.

As noted, multiple documents necessary to review the trial court proceedings—including two demurrers and the papers filed in support thereof and Beriones's opposition and motions—are not included in the record.  (See Cal. Rules of Court, rule 8.204(a)(1)(C) [appellant must support all statements of fact in her briefs with citations to the record]; rule 8.204(a)(2)(C) [appellant must confine her statements "to matters in the record" on appeal].)  Beriones contends the record is incomplete because *Respondents* did not designate certain documents, she worked "in good faith . . . to perfect the record," and "an incomplete record does not preclude this [c]ourt from determining the merits of [her] case."

"It is . . . a fundamental rule of appellate review that an appealed judgment or order is presumed correct.  [Citation.]  . . .  To overcome this presumption, the appellant must provide an adequate appellate record demonstrating error.  [Citation.]  ' "A necessary corollary to this rule [is] that a record is inadequate . . . if the appellant predicates error only on the part of the record he [or she] provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide

---

12    See footnote 2, *ante.*  Beriones submitted several additional documents as "exhibits," some of which are incomplete, and others which do not appear to be part of the trial court record.  Pursuant to our order dated October 30, 2019, we disregard these documents.  (*Vons*, *supra*, 14 Cal.4th at p. 444, fn. 3.)

13

grounds upon which the decision of the trial court could be affirmed." [Citation.]' [Citation.] Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm." (*Jade Fashion & Co. Inc. v. Harkham Industries, Inc*. (2014) 229 Cal.App.4th 635, 643-644; *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*) [appellant has the burden of providing an adequate appellate record; "[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]"].)

By failing to furnish an adequate record of the trial court proceedings, Beriones has forfeited her appellate claims. As the California Supreme Court has emphasized, if the appellate record is inadequate for meaningful review, " ' "the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson, supra*, 5 Cal.5th at p. 609; see *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 ["Because they failed to furnish an adequate record of the . . . proceedings, defendants' claim must be resolved against them."].)

Even considering the merits of Beriones's contentions, we conclude she is not entitled to relief.

II.

*Timeliness of the Demurrers*

Beriones contends the trial court erred when it ruled on Respondents' demurrers, which she claims were not timely filed. She contends the deadline for Respondents to demur was triggered by the order of remand from the district court, which was filed in the district court on April 16, 2019, not by the notice of remand, which was filed in the trial court on May 22, 2019. Here, the time for Respondents to file demurrers is governed by

14

section 430.90. Whether the trial court properly interpreted a statute is a question of law we review de novo. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) The trial court has discretion to enlarge the time for filing demurrers pursuant to section 473, subdivision (a)(1). (*McAllister v. County of Monterey* (2008) 147 Cal.App.4th 253, 281-282 (*McAllister*).) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*Goodman*, at p. 1339.) We conclude the demurrers were timely filed, but even if they were untimely, Beriones has not established the trial court abused its discretion when it ruled on them.

"Where the defendant has removed a civil action to federal court without filing a response in the original court and the case is later remanded for improper removal, the time to respond shall be as follows: [¶] . . . [¶] If the defendant has not filed an answer in the original court, then 30 days from the day the original court receives the case on remand to do any of the following: [¶] . . . [¶] Demur or move to strike all or a portion of the complaint . . . ." (§ 430.90, subd. (a)(2)(B).)[13] "For the purposes of this section, time shall be calculated from the date of the original court's receipt of the order of remand." (*Id.*, subd. (b).) The parties agree this statute governs the timeliness of Respondents' demurrers, and Beriones acknowledges that " '[i]t is the [s]uperior [c]ourt's receipt of the remand order that starts the 30[-]day deadline to demur to a complaint.' "

---

[13]    JLA requested that this court take judicial notice of certain legislative materials that it acknowledges were not part of the trial court record. We deny the request, as these materials were not presented to the trial court (*Vons*, *supra*, 14 Cal.4th at p. 444, fn. 3), and they are unnecessary to our resolution of the appeal.

Beriones claims, without citation to any material that appears in the record, that the superior court received the remand order the same day it was filed in the district court (April 16, 2019).[14] This claim is speculative and is not supported by the record. Based on the faulty premise that the federal court filing date (rather than the superior court's receipt of the order of remand) controls, Beriones contends "[a]ll demurrers had to be filed by May 16, 2019."

Here, however, the trial court indicated that it received the remand order on May 22, 2019, when Respondents filed the notice of remand. There is no evidence in the record indicating the court received the remand order any earlier than May 22.[15] Respondents' demurrers, filed between May 29 and June 20, were timely filed within 30 days of that date. (§ 430.90, subd. (a)(2) [demurrers due "30 days from the day the original court receives the case on remand"].)

Even if the demurrers had not been timely filed, it was within the trial court's discretion to enlarge the time for filing demurrers and thus to entertain any late-filed demurrer. (§ 473, subd. (a)(1) ["The court may, in furtherance of justice, and on any terms as may be proper, . . . enlarge the time for answer or demurrer."]; *Jackson v. Doe* (2011) 192 Cal.App.4th 742, 750 (*Jackson*) [trial court acted within its broad discretion by considering

---

[14] Referencing information that does not appear in the record, Beriones claims that "[t]he postage mark on the envelope of the Remand Order from the Federal Court to Appellant Beriones was dated April 17, 2019."

[15] Beriones contends the trial court improperly relied on the register of actions, which indicated that notice of remand was filed on May 22, 2019. However, it is apparent the trial court relied on the notice of remand itself, not its reflection within the register of actions.

defendant's demurrer and sustaining it without leave to amend even though plaintiff contended it was untimely].)

Beriones erroneously contends that any demurrer filed after the 30-day deadline is automatically "time-barred." This position misinterprets the demurrer filing deadline as something akin to a statute of limitations, which establishes a procedural bar to an action by prescribing the periods beyond which a plaintiff may not bring a cause of action. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.)

Contrary to Beriones's claim, the plain language of the statute gives the trial court discretion to consider an untimely demurrer. The statute expressly provides that the trial court may enlarge the time to file a demurrer "in the furtherance of justice, and on any terms as may be proper." (§ 473, subd. (a)(1).) The trial court could reasonably have concluded additional time for Respondents to file their demurrers was warranted in light of the inability to file the demurrers sooner due to the case "appearing in the electronic system as having been removed to federal court," as counsel represented to the court at the hearing. In exercising its discretion to entertain the demurrers, even if they were late, the trial court did not affect Beriones's " ' "substantial rights." ' " (*Jackson*, *supra*, 192 Cal.App.4th at p. 750; see *McAllister*, *supra*, 147 Cal.App.4th at p. 282 [trial court's consideration of untimely demurrer did not affect plaintiff's substantial rights where plaintiff did not take steps to obtain a default judgment and did not establish delay in filing a demurrer prejudiced his case].) Beriones was not precluded from responding to the demurrers and she had an opportunity to be heard before the trial court rendered its decision. We thus conclude the trial court did not err in finding the demurrers were timely and did not abuse

17

its discretion in considering the merits of the demurrers even assuming they were untimely.

III.

*Beriones's Initial Responses and Request for an Extension of Time to Respond*

Beriones contends the trial court misinterpreted the papers she filed as motions when she intended them to be replies or responses to Respondents' demurrers.[16]  Even though the trial court rejected the papers Beriones styled as "[m]otions," the record demonstrates that the trial court considered and rejected the merits of Beriones's contention that the demurrers were untimely, as well as her request for additional time to respond.  We have already concluded the demurrers were timely filed.  Beriones next argues the trial court erred when it declined to grant her an extension of time to respond to the demurrers.

When considering a request for a continuance, "the court must determine whether the party requesting the continuance has . . . established good cause therefor.  That determination is within the court's discretion." (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 716; *Cotton v. StarCare Medical Group, Inc.* (2010) 183 Cal.App.4th 437, 444 [parties seeking continuance of hearing on demurrers required to show good cause].) "[T]he trial court has a wide discretion in granting or denying continuances,"

---

16    In Beriones's motions, she argued that "all the Respondents' demurrers were filed many days past 30 days from the date of order of remand to the State Court, and thus were time-barred by the statue [*sic*] of limitations." She sought to have the demurrers stricken from the record, or, in the alternative, requested additional time to respond to them.  At the hearing on Respondents' demurrers, Beriones told the court she had not responded to most demurrers because "[t]hey were late" and requested an additional 15 days to respond.  The court refused to allow Beriones additional time to respond.

18

and its "decision will not be disturbed on appeal unless a clear abuse of discretion is shown." (*Muller v. Tanner* (1969) 2 Cal.App.3d 445, 457.)

Beriones has not demonstrated an abuse of discretion or the prejudice required for reversal. (Cal. Const., art. VI, § 13 [no reversal unless "error complained of has resulted in a miscarriage of justice"].) The record, albeit incomplete, demonstrates Beriones had adequate time under applicable rules to oppose the demurrers. (Cal. Rules of Court, rule 3.1320(c) ["A party filing a demurrer must serve and file therewith a notice of hearing that must specify a hearing date in accordance with the provisions of Code of Civil Procedure section 1005 . . . ."]; § 1005, subd. (b) [moving papers must be filed and served at least 16 court days before hearing; opposition papers must be filed at least nine court days before the noticed hearing date].) The demurrers were filed between May 29 and June 20, more than 16 court days prior to the date of the hearing on July 19. Beriones thus had adequate time under the rules to respond to the properly noticed demurrers. In fact, Beriones timely filed a response to one demurrer. On her last day to file oppositions, Beriones filed only motions. Beriones claims she was "not given the opportunity to present a simple explanation," but even on appeal she still has not explained why she did not respond to the remaining demurrers, how her failure to timely respond was justified, or what arguments she would assert if given additional time to respond. She does not raise any arguments against the merits of the trial court's determination. Beriones therefore has not established good cause to support a continuance.

Beriones relies on California Rules of Court, rule 3.110(d), which permits parties to stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. This rule is not applicable here, as there is no indication

19

Beriones sought a stipulation, and Beriones was seeking additional time to respond to Respondents' responsive pleadings.

We also reject Beriones's contention the trial court's refusal to grant her additional time to respond deprived her of "substantial due process, including the right to enter material and relevant evidence."[17] Beriones has not explained what evidence she intended to proffer, how this evidence was material or relevant to the present action, and how it could change the outcome of her lawsuit. (See *Tudor Ranches, Inc. v. State Comp. Ins. Fund* (1998) 65 Cal.App.4th 1422, 1432.)

IV.

*The Demurrers Were Properly Sustained*

Beriones does not present any argument regarding the merits of the causes of action asserted in the complaint. Applying our independent judgment, we conclude the trial court properly sustained the Respondents' demurrers to each of Beriones's causes of action, and further conclude the trial court did not abuse its discretion in sustaining the demurrers without leave to amend.

" 'On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo: we exercise our independent judgment about whether the complaint states a cause of action as a matter of law.' " (*Villafana v. County of San Diego* (2020) 57 Cal.App.5th 1012, 1016.) When a demurrer is sustained without leave to amend, " ' "we decide whether there is a reasonable possibility that the defect can be cured by

---

[17] Beriones indicated she wanted to call a witness at the demurrer hearing to "testify about his submitted declaration." It is unclear whether the referenced declaration was filed in this action or in connection with the prior unlawful detainer proceedings.

20

amendment . . . ." ' [Citations.] ' "The burden of proving such reasonable possibility is squarely on the plaintiff." ' " (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010 (*Centinela*).)

Beriones's first cause of action asserted the parties lacked standing to foreclose and the foreclosure was wrongful. The elements of a wrongful foreclosure cause of action are (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually the trustor or mortgagor) was prejudiced or harmed; and (3) the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. (*Turner v. Seterus, Inc.* (2018) 27 Cal.App.5th 516, 525.) Beriones did not allege that she tendered or attempted to tender the loan debt to challenge or cancel the foreclosure sale. (*Id.* at pp. 525-526.) The recorded documents demonstrated the propriety of the foreclosure.

Moreover, the trial court correctly determined that Beriones's allegations challenged a securitization process that may have been voidable under New York law, but not one that is void, and that Beriones thus lacks standing to challenge the assignment. (See *Yvanova, supra*, 62 Cal.4th at pp. 929, 935 [a borrower may base a wrongful foreclosure claim on allegations that the foreclosing party acted without authority because the assignment by which it purportedly became beneficiary under the deed of trust was not merely voidable but void]; *Hacker, supra*, 26 Cal.App.5th at p. 280 ["A number of cases have held that assignments which 'allegedly breach[ ] a term or terms of a PSA' are voidable rather than void because 'the beneficiaries, not the borrower, have the right to ratify the trustee's unauthorized acts.' "].)

21

The trial court also correctly rejected Beriones's challenges to MERS's authority to act as nominee, which conflict with the terms of the deed of trust she signed and are not supported by law. (*Saterbak*, *supra*, 245 Cal.App.4th at pp. 813-815 [borrower lacks standing to challenge alleged defects in MERS's assignment of the deed of trust to bank as trustee]; *Gomes*, *supra*, 192 Cal.App.4th at pp. 1156-1157 [rejecting legal challenge to MERS's authority to initiate a foreclosure].) Thus, Beriones failed to state a cause of action for wrongful foreclosure.

Beriones's second and third causes of action for fraud in the concealment and inducement are likewise deficient. To plead a claim for fraud, a plaintiff must establish (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) For fraudulent concealment, plaintiff must additionally establish defendant had a duty to disclose the fact to plaintiff. (*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.* (1992) 6 Cal.App.4th 603, 612-613; see *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 336-337 [listing four circumstances in which nondisclosure or concealment may constitute actionable fraud].) To state a fraud claim against a corporation, the plaintiff must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." (*Tarmann v. State Farm Mutual Automobile Ins. Co.* (1991) 2 Cal.App.4th 153, 157.) Beriones's fraud claims were premised on her assertions that the parties' alleged misrepresentations and omissions induced her to take the residential mortgage. The lender that originated Beriones's residential mortgage was not named as a defendant in her lawsuit. Beriones did not

22

plead allegations with the specificity required under *Tarmann*, as she failed to allege the names of the persons who made misrepresentations or omissions, their authority to speak, the contents of the misrepresentations or omissions, or when the misrepresentations were made. Beriones therefore failed to state causes of action for fraud in the concealment or inducement.

Beriones's fourth cause of action for intentional infliction of emotional distress required Beriones to establish (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress, (2) the plaintiff's suffering severe or extreme emotional distress, and (3) actual and proximate causation of emotional distress by the defendant's outrageous conduct. (*Wilson v. Hynek* (2012) 207 Cal.App.4th 999, 1009.) In an action arising out of nonjudicial foreclosure proceedings, a trial court properly sustains a demurrer to this cause of action where, like here, the borrower has not pled facts showing "outrageous" conduct by defendants. (*Ibid*.) Beriones simply alleged in her complaint that the foreclosure caused her the "emotional nightmare of losing the [p]roperty." "At most, this was a creditor/debtor situation, whereby defendants were exercising their rights under the loan agreements. There are no allegations that in conducting the foreclosure proceedings any of the defendants threatened, insulted, abused, or humiliated [Beriones]." (*Ibid*.) Beriones thus failed to state a cause of action for intentional infliction of emotional distress.

Beriones's fifth cause of action for slander of title required that she establish (1) a publication which is (2) without privilege or justification, (3) false, and (4) causes pecuniary loss. (*La Jolla Group II v. Bruce* (2012) 211 Cal.App.4th 461, 472.) Beriones's slander of title claim is premised on her wrongful foreclosure claim, which we have already concluded lacks merit.

23

Additionally, Beriones failed to allege a nonprivileged, false publication.  (See *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 333 [rejecting slander of title claim by homeowner in response to nonjudicial foreclosure proceedings, and holding that Civil Code "section 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified, common interest privilege of [Civil Code] section 47, subdivision (c)(1)"].)

Beriones's sixth cause of action for quiet title required her to file a verified complaint and to establish the following:  (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination is sought and the basis of the title; (3) the adverse claims to plaintiff's title as to which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of plaintiff's title against adverse claims.  (§ 761.020.)  Here, Beriones's complaint was not verified, and she merely alleged that "[a]ll defendants . . . claim an interest and estate in the property . . . in that defendant asserts he is the owner of the note secured by the Deed of Trust . . . ."  Additionally, Beriones did not aver that she paid or attempted to pay the outstanding mortgage balance.  (*Lueras v. BAC Home Loans Servicing, L.P.* (2013) 221 Cal.App.4th 49, 86 [borrower cannot quiet title without paying the outstanding indebtedness].)

Beriones's seventh and tenth causes of action for declaratory relief and rescission were predicated on her wrongful foreclosure claims and fail accordingly.[18]

In sum, all of Beriones's causes of action fail and the trial court properly sustained Respondents' demurrers to the complaint.

We further conclude the trial court did not abuse its discretion when it sustained the demurrers without leave to amend. Even on appeal, Beriones has not articulated how she proposes to amend her complaint or how any amendment will cure the defects in her complaint. She has thus failed to meet her burden to justify granting leave to amend. (*San Diego Unified School Dist. v. Yee* (2018) 30 Cal.App.5th 723, 742 ["To meet [her] burden the [plaintiff] must affirmatively demonstrate how the complaint can be amended and how the amendment will cure the deficiencies."]; see *Centinela, supra*, 1 Cal.5th at p. 1010.) The trial court properly sustained Respondents' demurrers in their entirety without leave to amend.

---

[18] As previously indicated, the eighth and ninth causes of action alleged violations of federal law and were dismissed by the United States District Court for the Southern District of California.

25

## DISPOSITION

The judgment is affirmed. Respondents are entitled to their costs on appeal.

GUERRERO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

HALLER, J.

26